# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>CRISTOBAL SANDOVAL,<br><br>         Defendant. | Criminal Case No. 12cr393-MMA<br><br>*Related Civil Case No. 13cv448-MMA*<br><br>**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>[Doc. No. 25] |

On February 9, 2012, pursuant to a written plea agreement, Defendant Cristobal Sandoval pleaded guilty to a single count Information charging him with illegal reentry subsequent to a prior deportation in violation of Title 8 of the United States Code, Section 1326(a),(b). *See* Plea Agreement, Doc. No. 12. The Court sentenced Defendant on April 30, 2012 to 30 months imprisonment, 2 years supervised release, no fine, and a $100 penalty assessment. *See* Judgment, Doc. No. 24. Defendant now moves the Court to vacate, set aside, or correct his sentence under Title 28, section 2255. *See* Doc. No. 25. Defendant challenges his sentence on the following grounds: (1) the Court erred in imposing a term of supervised release; (2) counsel was ineffective for failing to challenge his prior deportation; and (3) counsel "forced" him to plead guilty. For the following reasons, the Court summarily **DISMISSES** the motion.

## LEGAL STANDARD

Title 28 of the United States Code, section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . .." Rule 4(a), Rules-section 2255 Proceedings (West 2009).[1] Thus, when a defendant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

A defendant may waive his right to file a section 2255 motion to challenge his sentence, but such a waiver must so state expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). In this case, Defendant's plea agreement provides in pertinent part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

*See* Doc. No. 12 at 10. The Ninth Circuit approves of such waivers on public policy

---

[1] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a defendant must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed below, Defendant has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). However, as noted in the plea agreement itself, a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005).

## DISCUSSION

### 1. *Supervised Release*

Defendant asserts that the Court erred in imposing a term of supervised release because he is an alien and is facing deportation after release from custody. Defendant's claim is without merit. It is not error to impose a term of supervised release in the context of a defendant who will be deported. Congress has recognized deportation as an acceptable condition of supervised release even though the defendant cannot be supervised after deportation: "If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States." 18 U.S.C. § 3583(d).

### 2. *Guilty Plea*

Guilty pleas must be "voluntary. . . knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Here, Defendant claims that his guilty plea was not voluntary or intelligent because his counsel "forced" him to plead guilty. However, Defendant offers no facts in support of his claim that his plea was coerced, simply stating that "counsel informed him that if [he] would not do it, he was going to get a longer sentence." *See* Def. Motion at 6. The Ninth Circuit has made clear that conclusory allegations unsupported by specific statements of fact or references to the record "do not warrant habeas relief." *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995), *quoting James v. Borg*, 24 F.3d 20, 25 (9th Cir. 1994). Defendant's claim here is the definition of conclusory, and the record otherwise

reflects that Defendant's decision to enter into a plea agreement was his own.

### 3. Ineffective Assistance of Counsel

Defendant contends that his counsel was ineffective because he failed to challenge the validity of Defendant's prior deportation. Defendant must show deficient performance by counsel and prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Swanson*, 943 F.2d 1070, 1073 (9th Cir. 1991). In the context of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990).

Defendant argues in a cursory fashion that his counsel was ineffective for not mounting a collateral attack on the validity of his prior deportation. According to Defendant, it is a violation of due process to charge an alien with illegal reentry if he was previously deported without a trial in federal court. *See* Def. Motion at 5. This contention is foreclosed. *Fong Yue Ting v. United States*, 149 U.S. 698, 730 (no right to a trial by jury in immigration proceedings).

Moreover, counsel's failure to move to dismiss the charge against Defendant based upon the purported invalidity of his prior deportation does not fall below the objective standard of reasonableness. Counsel made a reasonable strategic decision not to launch a collateral attack on a presumably valid deportation in lieu of securing a plea agreement which afforded Defendant a substantial sentence reduction. Indeed, because he pleaded guilty, Defendant received a sentence of 30 months. His potential exposure under the guidelines, without the benefit of the adjustments for acceptance of responsibility and expeditious resolution, was more three times that amount. *See* Pre-Sentence Report, Doc. No. 18.

Finally, to the extent Defendant is attempting by way of the instant motion to attack the immigration proceedings that resulted in his prior removal, this Court

1 lacks jurisdiction to consider Defendant's claim.  The REAL ID Act of 2005 created
2 "streamlined judicial review" of final orders of deportation, removal, and exclusion,
3 by eliminating habeas corpus relief in the district courts and conferring exclusive
4 jurisdiction over these matters to the circuit courts.  *Alvarez-Barajas v. Gonzales*,
5 418 F.3d 1050, 1052 (9th Cir. 2005); 8 U.S.C. § 1252.

## CONCLUSION

Based on the foregoing reasons, the Court summarily **DISMISSES** Defendant's motion to vacate, set aside, or correct his sentence.  The Court **DECLINES** to issue a Certificate of Appealability and **DENIES** leave to proceed *in forma pauperis* on appeal because Defendant has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

**IT IS SO ORDERED**.

DATED:  March 11, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge